<div style="margin">BONDURANT, &c.<br>*vs*<br>JEFFRIES, &c.<br><br>that he had done all he could do until plaintiff had performed such act on his part.</div>

---

## Bondurant, &c. *vs* Jeffries, &c.

ERROR TO THE MONTGOMERY CIRCUIT.                    *Case* 84.

*County Courts. Emancipation of negroes. Parties.
Injunctions.*

JUDGE GRAHAM delivered the opinion of the Court.          *June* 8.

So much of the will of Sarah Goodwin, as is neces-
sary to be adverted to, reads as follows: "After my
slaves, each of them, arrive at the age of thirty years,
I wish them, should they so elect, to be free." The
plaintiffs who state that they are Justices of the Peace
in and for Montgomery county, exhibited this bill in
chancery, in which they charge that at the death of
Mrs. Goodwin, two of her slaves, Bristoe and his wife
Joice, were old, and that they are now very infirm; that
the executor has distributed the estate; that the devisees
are about to remove from this Commonwealth, and take
their property with them.

They charge that Bristoe and wife *seem* to be unable
to labor, and they verily believe and charge, will in a
short time become chargeable to the county, and are
at this time, not supported by the executor or devisees.
They ask that some money due to some of the devisees,
be enjoined and a suitable provision made, by requiring
the defendants to execute bond with security, to main-

<div style="margin">The bill and its object.</div>

BONDURANT, &c.
*vs*
JEFFRIES, &c.

tain said negroes, and such of the other slaves as may hereafter become chargeable to the county.

The defendants do not admit that the old negroes are now paupers, or that they are now or will ever become a charge on the county; and suggests a doubt whether they are, in fact, free under the will, inasmuch as at the date of the will, each of said slaves were largely more than thirty years of age. They do not admit that all the complainants are Justices of the Peace, and controvert the right of any or all to maintain the bill. They deny any intention to remove from this Commonwealth.

The Court below dismissed the bill, and we think,

Individuals sueing as Justices of the county court should show themselves to be such.

rightly done so. The complainants have not, in any way, shown that they are members of the County Court, and that fact having been controverted, and having, as private citizens, no authority to institute the suit, they were bound to establish, by proof, their right to sue. It is very questionable whether old Bristoe and wife are free. They were fifty years of age when the will was made, and had, therefore, long before the death of their mistress, arrived at the age of thirty years. Be that as it may, the proof does not sustain the allegation that the defendants were or are about to leave the Commonwealth. The existence of such intention was necessary to authorize the restraining order or injunction granted in the cause. The old negroes have not yet become a charge on the county, and it is to be hoped, that the humanity of those for whose benefit they have toiled in their days of vigor and strength,

Can Justices of the county court proceed by bill in chancery to compel surety to be given that negroes emancipated by will shall not become chargeable to the county. Is not a proceeding by summons and attachment from the county court more appropriate?

will not cast them, in decripitude and old age, a useless burthen on the community.

We are also of opinion, that the complainants have mistaken their remedy, even if there were now any necessity for their acting in the matter, and suggest that some proceeding at law, by process from the County Court, say that of summons and attachment, might be more appropriate.

The decree of the Circuit Court is affirmed.

*Peters* for plaintiffs; *Apperson* for defendants.